GRABER, Circuit Judge,
dissenting:
I respectfully dissent. Qualified immunity should protect Neel from liability. See Stanton v. Sims, — U.S. -, 134 S.Ct. 3, 4-5, 187 L.Ed.2d 341 (2013) (per curiam) (“ ‘The doctrine of qualified immu-. nity protects government officials from liability for civil damages insofar as their *630 conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.’ ” (quoting Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009))). Qualified immunity is meant to protect government officials from litigation; it is an immunity from suit, not merely a defense. Pearson, 555 U.S. at 231, 129 S.Ct. 808. Moreover, the protection applies even if the defendant made a mistake of fact. Id.
The majority relies on a series of factual disputes that are not relevant to the question whether qualified immunity applies. The majority notes, for example, that the parties dispute whether Collender’s left hand actually entered his left front pants pocket. Maj. at 629. The majority also points out that the parties offer “alternative reasons why [Collender] moved his hand downward.” Id. at 627. But those facts are not relevant to the determination whether a reasonable officer in Neel’s position would have feared for his life.
The relevant facts are not in dispute. It is undisputed that Collender was a suspect in §m armed robbery, in which a handgun was used, that had occurred a few hours before the night-time fatal encounter and that Collender had threatened to kill the robbery victim’s family. It is also undisputed that, shortly before Neel shot him, Collender had reached into the back seat of his car. The video shows that, as Neel approached Collender on a dark street, Collender’s hands were raised, initially. But Collender quickly leaned slightly to the side and reached one hand down to his hip, where it was out of sight. He was wearing a loose, untucked shirt. At that moment, any reasonable officer would have thought that Collender could be reaching for a gun in his pocket or waistband, and any reasonable officer would have feared for his life.[1] There is no claim of police provocation.
Although the majority disposition asserts that there is a dispute, Maj. at 629, no evidence contradicts Neel’s testimony that Collender had stalked Neel’s car and had failed to obey some of his commands, nor does any evidence contradict Neel’s testimony that he subjectively feared for his life at the moment he fired his weapon. Plaintiffs’ belief as to Neel’s state of mind, without evidence supporting that belief, is not cognizable evidence. See Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1028 (9th Cir.2001) (“A plaintiffs belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive. To be cognizable on summary judgment, evidence must be competent.”). In any event, the evidence that Plaintiffs offered suggested that Neel was too quick to fear for his life, but no evidence even hints that he was not, in fact, fearful.
In the circumstances described above, the use of deadly force was reasonable. See Scott v. Henrich, 39 F.3d 912, 914 (9th Cir.1994) (“An officer’s use of deadly force is reasonable only if ‘the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.’ ” (quoting Tennessee v. Garner, 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985))). Accordingly, I would reverse.

. Any observer reviewing the video will see the same gesture. What the panel members "see” differently is not the gesture itself; rather, we interpret differently the significance of that gesture and how a reasonable officer would respond to it.